UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Debra A. Heimberger,            Case No. 3:19-cv-2430

      Plaintiff

v.            MEMORANDUM OPINION
           AND ORDER

Mark Repp, *et al.*,

      Defendants

**Introduction**

*Pro se* plaintiff Debra Heimberger has filed an *in forma pauperis* civil complaint in this matter against the Tiffin-Fostoria Municipal Court and Municipal Court Judge Mark Repp. (Doc. No. 1.)

Her complaint pertains to a fine ($100) and court costs ($186) she was ordered to pay as a result of a traffic conviction in Tiffin-Fostoria Municipal Court. She contends Judge Repp, who presided in the case, violated her constitutional rights under 28 U.S.C. § 1983 by requiring her to pay the fine without allowing her a "meaningful opportunity" to present a defense regarding her inability to pay, and that he violated 20 C.F.R. 404.970 by "attempt[ing] to attach and levy" her social security disability income for payment. (*Id.* at ¶¶ 11-14, 17-18).

She sues the Tiffin-Fostoria Municipal Court for "allowing its judges to pressure parties receiving SSI income benefits for the disabled." (*Id.* at ¶ 21.)

For relief, the plaintiff seeks damages and a declaratory judgment that her rights were violated and that she is exempt from the state court order requiring her to pay her traffic fines.

## Standard of Review and Discussion

The Plaintiff's motion to proceed *in forma pauperis* is granted, but I must dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). That statute requires federal district courts to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

The plaintiff's complaint fails to state a plausible claim for relief against the defendants and seeks monetary relief from a defendant who is immune.

Judges are entitled to absolute immunity from suit based on their judicial acts even if they acted erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute judicial immunity is overcome in only two sets of circumstances, if the judge's actions were "nonjudicial" in nature or were "taken in the complete absence of all jurisdiction." *Id.* at 11–12. The plaintiff has not alleged facts plausibly suggesting that Judge Repp took any action falling outside of the scope of his judicial immunity, and he is immune from the plaintiff's damages suit.

The plaintiff has not alleged a plausible claim against the Tiffin-Fostoria Municipal Court. Courts are not *sui juris* and "can neither sue nor be sued in [their] own right." *Arbino v. Ohio*, No. 1: 12 CV 203, 2012 WL 1756856, at *2 (S. D. Ohio Apr. 2, 2012).

Further, the plaintiff has no cognizable § 1983 claim relating to her state traffic sentence under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck* held that a claim is not cognizable under § 1983 if a ruling on the claim would necessarily imply the invalidity of a state criminal conviction or sentence until or unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *See Gorenc v. City of Westland*, 72 F. App'x 336, 339, 2003 WL 21782610, at *2 (6th Cir. 2003) (applying *Heck* to § 1983

action involving state traffic citation). The plaintiff has not demonstrated that her state traffic sentence has been overturned or invalidated in any of the ways articulated in *Heck*. Accordingly, she has no cognizable § 1983 claim pertaining to the sentence.

Finally, to the extent the plaintiff asks this court to reverse the traffic court sentence imposed on her, this court lacks jurisdiction to grant her such relief as federal district courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege that a state court's action was unconstitutional. *See Dakota v. Brown*, Case No. 3: 12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012), citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). The *Rooker–Feldman* doctrine bars a party from seeking in federal court what in substance would be appellate review of a state judgment.

## Conclusion

For all of the foregoing reasons, I am dismissing the plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

 s/ Jeffrey J. Helmick  
United States District Judge